**ERIC A. LIEPINS**
**ERIC A. LIEPINS, P.C.**
12770 Coit Road Suite 850
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - telecopier
PROPOSED ATTORNEY FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WALL007,LLC | § | CASE NO 22-41049 |
| | § | |

---

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WALL009,LLC | § | CASE NO 22-41113 |
| DEBTOR | § | |

---

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WALL010, LLC | § | CASE NO 22-41125 |
| | § | |
| DEBTOR | § | |

---

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WALL011, LLC | § | CASE NO 22-41114 |
| | § | |
| DEBTOR | § | |

---

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WALL012,LLC | § | CASE NO 2-41125 |
| | § | |
| DEBTOR | § | |

---

| | | |
|---|---|---|
| IN RE: | § | |

| | | |
|---|---|---|
| WALL016,LLC | § § § | CASE NO 22-41135 |
| DEBTOR | § § | |
| IN RE: | § § | |
| WALL016, LLC | § | CASE NO 22-41136 |
| DEBTOR | § § | |
| IN RE: | § § | |
| WALL017, LLC | § | CASE NO 22-41137 |
| DEBTOR | § § | |
| IN RE: | § § | |
| WALL018,LLC | § | CASE NO 22-41176 |
| DEBTOR | § § | |
| IN RE: | § § | |
| WALL019,LLC | § | CASE NO 22-41177 |
| DEBTOR | § § | |
| IN RE: | § § | |
| SEAGOVILLE FARMS, LLC | § | CASE NO 22- 41181 |
| DEBTOR | § § | |

EX PARTE MOTION OF DEBTORS PURSUANT TO
BANKRUPTCY RULE 1015(b) FOR ORDER

DIRECTING JOINT ADMINISTRATION OF CASES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes Now, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC WALL019 ,LLC and Seagoville Farms, LLC (collectively "Debtors"), respectfully state that:

**Background**

1. On August 23, 2022, August 31, 2022, September 1, 2022, September 7 2022 and September 8, 2022 , Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. Each of the Debtors is continuing to operate its business and/or manage its properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**Jurisdiction and Venue**

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Debtors' Business**

4. Carnegie Development, LLC is the 100% owner in each of the Debtors. Each Debtor operated as a separate real estate development project. All the Debtors are managed through a central office but each Debtor maintains has it own books and records. Each Debtor primary assets is a note receivable from Carnegie Development and a cause of action against certain third party brokers or facilitators. Each Debtor is indebted to investors located in China. Many of the same investors are investors in one or more of the Debtors.

**Relief Requested**

5. By this Motion, the Debtors seek orders directing the joint administration of their Chapter 11 cases for procedural purposes only pursuant to Federal Rule of Bankruptcy Procedure 1015(b). A form of proposed order is attached hereto as Exhibit "A." Rule 1015(b) provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested.

4. The Debtors submit that joint administration of their cases will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors and their estates.

5. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the major creditors are creditors of these estates and the Debtors will continue as separate and distinct legal entities and separate books and records will continue to be maintained for each. Moreover, each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from the joint administration. The Court also will be relieved of the burden of entering duplicative orders and maintaining redundant files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the Office of the United State Trustee will be simplified.

6. By reason of the foregoing, the Debtors submit that the interests of the Debtors, their estates, and all parties-in-interest would best be served by joint administration of the above-captioned cases.

## Notice

7. No trustee, examiner, or creditors' committee has been appointed in the Debtors' Chapter 11 cases. Notice of this Motion has been given to the Office of the United States Trustee for the Eastern District of Texas. Because of the administrative nature of the relief requested herein, the Debtors submit that no other notice need be given.

8. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request entry of an order granting the relief requested herein, and for such other and further relief as is just.

Respectfully submitted,

ERIC LIEPINS, P.C.
12770 Coit Road, Suite 850
Dallas, Texas 75251
Telephone: (972) 991-5591
Telecopy: (972) 991-5788

By: __/s/ Eric Liepins_____
Eric Liepins
Texas State Bar No. 12338110
PROPOSED COUNSEL FOR DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of September 2022, a true and correct copy of the foregoing Ex Parte Motion of Debtors Pursuant to Bankruptcy Rule 1015(b) for Order Directing Joint Administration of Cases was sent to the Office of the United States Trustee, 110 College Ave, Suite 300, Tyler Texas 75702.

_/s/ Eric Liepins________________
Eric Liepins